UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS BONDURANT and MICHELLE BONDURANT, husband and wife,<br><br>                            Plaintiff,<br>    v.<br><br>CITY OF BATTLEGROUND and the BATTLEGROUND POLICE DEPARTMENT,<br><br>                            Defendant. | Case No. 3:15-cv-05719-KLS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION, REVERSING ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT, RENOTING PRIOR OUTSTANDING MOTIONS, AND GRANTING DEFENDANTS' MOTION TO STRIKE REMAINING CASE SCHEDULE DATES |

This matter is before the Court on defendants' motion for reconsideration of the Court's order granting plaintiffs' motion to amend their complaint. (Dkt. 63, 65). For the reasons set forth below, the Court agrees with defendants that amending the complaint would be futile, that the motion for reconsideration should be granted, and therefore that the order granting plaintiffs' motion to amend the complaint should be reversed.

In light of this ruling, the three outstanding motions the Court previously had denied on the basis of granting plaintiffs' motion to amend – plaintiffs' motion to extend discovery (Dkt. 37) and motion to compel (Dkt. 50), as well as defendants' motion for summary judgment (Dkt. 40) – will be re-noted for consideration as set forth below.

Defendants also have moved to strike the remaining case schedule dates in light of the upcoming trial date. (Dkt. 24, 72). That motion also is granted. Pending the Court's final rulings

ORDER - 1

on the above re-noted motions, a new scheduling order will be issued.

## DISCUSSION

"Motions for reconsideration are disfavored." Local Civil Rule (LCR) 7(h). Further, the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* The Court issued its order granting plaintiffs' motion to amend their complaint on August 1, 2016. Dkt. 63. As defendants point out, this was four days before the noting date on plaintiffs' motion, and thus defendants did not have the opportunity to present the arguments they do now in their motion for reconsideration. Dkt. 51, 65. Having now considered those arguments, and plaintiffs' response, the Court finds defendants have made the requisite showing of error under LCR 7(h).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the compliant." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th 2004). "Futility alone can justify the denial of a motion to amend." *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003). Thus, while "leave to amend 'shall be freely given when justice so requires,' . . . futile amendments should not be permitted." *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1292 (9th Cir. 1983) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); quoting Federal Rule of Civil Procedure (FRCP) 15(a)); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal.") (internal citation omitted).

ORDER - 2

I.      The Statute of Limitations Has Run

In their original complaint, plaintiffs allege Mr. Bondurant was falsely and unlawfully arrested by defendants City of Battleground and Battleground Police Department on March 17, 2013. Dkt. 1-1. In their amended complaint, plaintiffs again allege Mr. Bondurant was falsely and unlawfully arrested on March 17, 2013, but this time by the five individually named police officers. Dkt. 64. Specifically, plaintiffs allege each defendant deprived Mr. Bondurant of his federal constitutional right to be free from illegal seizure of his person and illegal detention, from unlawful arrest, and from racial discrimination. *Id.* at p. 3. Plaintiffs also allege the City of Battleground failed to properly train and supervise its police officers and overlooked their misconduct. *Id.* at p. 7.

"When . . . a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts." *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008); *see also Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994) (because 42 U.S.C. § 1983 "does not contain its own limitations period, . . . the Supreme Court has held that the appropriate period is that of the forum state's statute of limitations for personal injury torts." In Washington, that period is three years. *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989); *Robinson v. City of Seattle*, 119 Wash.2d 34, 86 (1992); RCW 4.16.080(2).

"Although [state] law determines the *length* of the limitations period, federal law determines when a civil rights claim *accrues*." *Lukovsky*, 535 F.3d at 1048 (emphasis in the original). "Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (citations omitted). A cause of action thus accrues "when the plaintiff has 'a

ORDER - 3

complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal citations omitted).

Plaintiffs did not properly file their amended complaint until July 19, 2016, more than three years after the alleged incident.[1] Dkt. 51. Plaintiffs argue the statute of limitations ran until October 2013, "when this matter was concluded by the lower court and all charges dropped." Dkt. 70, pp. 2-3. But as defendants point out, the claims plaintiffs assert against the individually named defendants – and the City of Battleground – in the amended complaint relate solely to the arrest and detention of Mr. Bondurant, which occurred on March 17, 2013. Dkt. 64; *see Wallace*, 549 U.S. at 388 ("There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred, subjecting him to the harm of involuntary detention, so the statute of limitations would normally commence to run from that date.").

The Supreme Court, furthermore, has rejected the notion that a civil rights cause of action does "not accrue until the State [has] dropped its charges" rather than at the time the false arrest or actual injury occurred, at least where the claims if true would not establish the invalidity of the plaintiff's conviction. *Id.* at 392. Thus, "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. Accordingly, plaintiffs' federal cause of action accrued on March 17, 2013. The three-year statute of limitations then ran until March 17, 2016, and therefore expired prior to the filing of plaintiffs' amended complaint.

---

[1] Plaintiffs first filed their amended complaint on April 27, 2016. (Dkt. 28). However, because they failed to also file a proper motion to amend their complaint at the time, the Court declined to allow the amended complaint. Dkt. 35. But as discussed above, regardless of which date is used in this case, the statute of limitations on plaintiffs' claims already had run.

ORDER - 4

II.     Plaintiffs' Amendments Do Not Relate Back

When a plaintiff seeks to amend a complaint "*subsequent* to the running of the relevant statute of limitations, then [Federal Rule of Civil Procedure (FRCP) 15(c)] controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." *Wilson v. U.S. Government*, 23 F.3d 559, 562 (1st Cir. 1994) (emphasis in the original). "An amendment to a pleading relates back to the date of the original pleading when:

> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FRCP 15(c)(1). Plaintiffs' amended complaint does not meet these requirements. First, nothing in the express language of Washington's statute of limitations for personal injury torts allows the relation back of that statute. RCW 4.16.080(2).

Second, neither the racial discrimination claim nor the claim of failure to properly train and supervise contained in the amended complaint, reasonably can be said to arise out of the conduct, transaction, or occurrence set out in the original complaint. In considering whether an

ORDER - 5

amendment relates back to the original complaint, the Court "considers 'whether the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question.'" *Long v. Ford Motor Co.*, 2008 WL 2937751, at *4 (D. Ariz. July 23, 2008) (quoting *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989)).

"Relation back does not offend the notice policies underlying a statute of limitations if the original complaint fairly discloses the general fact situation out of which the new claims arise." *Marsh v. Coleman Co., Inc.*, 774 F.Supp. 608, 612 (D. Kan. 1991) (citing 3 James W. Moore & Richard D. Freer, *Moore's Federal Practice* ¶ 15.15[2] at 15-144, 145 (1985)). "Amendments will relate back if they only flesh out the factual details, change the legal theory, or add another claim arising out of the same transaction, occurrence or conduct." *Id.* (citing Moore, *supra*, at ¶ 15.15[2] at 15-148—15-151); *see also Drakatos v. R. B. Denison, Inc.*, 493 F.Supp. 942, 945 (D. Conn. 1980). "Relation back is denied those amendments which are based on entirely different facts, transactions, and occurrences." *Marsh*, 774 F.Supp. at 612 (citing *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985)).

Also "critical" in determining whether relation back is appropriate, is "whether the opposing party was put on notice regarding the claim raised therein." *Holmes*, 757 F.2d at 1566; *Long*, 2008 WL 2937751, at *4 ("The fundamental question is whether the defendant has been put on notice with regard to the claim against him raised by the amended pleading.") (quoting *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966)). More specifically, "[t]he principal inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party by the general fact situation alleged in the original pleading." *Union Carbide Corp. v. Montell N.V.*, 944 F.Supp. 1119, 1140 (S.D.N.Y. 1996) (citations and

ORDER - 6

internal quotations omitted).

Plaintiffs' original complaint makes no mention of race or racial discrimination. Nor does it allege any failure on the part of the City of Battleground or Battleground Police Department to train or supervise its police officers. The racial discrimination and failure to train and supervise claims are entirely different claims, requiring different facts. Because they do not merely "flesh out the factual details, change the legal theory, or add another claim arising out of the same transaction, occurrence or conduct," the original complaint's claims did not provide adequate notice to the individually named police officers of the matters raised in the amended complaint. *Union Carbide*, 944 F.Supp. at 1140; *Marsh*, 774 F.Supp. at 612; *see also Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir. 1988) (age discrimination claim in the amended complaint time-barred, because that claim was entirely distinct from the original complaint's race discrimination claim, and the original complaint contained no hint of age discrimination); *Fitch v. R.J. Reynolds Tobacco*, 678 F.Supp. 1046, 1048 (S.D.N.Y. 1987) (no allegation of sex discrimination contained in original claim, and therefore the new allegation did "not arise from the same type of discrimination complained of"); *Rizzo v. WGN Cont'l Broad. Co.*, 601 F.Supp. 132, 134 (N.D. Ill. 1985) (no reference to facts indicating sex discrimination in original claim alleging age discrimination).

Third, plaintiff has not met the requirements of FRCP 15(c)(1)(C) as to the individually named police officers. FRCP 15(c)(1)(C) "is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1501 (9th Cir. 1994) (citation omitted). That rule "is meant to allow an amendment change the name of a party to relate back to the original complaint

ORDER - 7

only if the changing-+ is the result of an error, such as a misnomer or misidentification." *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (5th Cir. 1998). As the Seventh Circuit has explained:

> A plaintiff may usually amend his complaint under Rule 15(c)[(1)] to change the theory or statute under which recovery is sought; or to correct a misnomer of plaintiff where the proper party plaintiff is in court; or to change the capacity in which the plaintiff sues; or to substitute or add as plaintiff the real party interest; or to add additional plaintiffs where the action, as originally brought, was a class action. Thus, amendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.

*Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (citation omitted); *see also Wilson*, 23 F.3d at 563.

FRCP 15(c)(1)(C), accordingly, requires that there be a "mistake", rather than "simply not knowing who to sue." *Hagen v. Williams*, 2004 WL 6893708, at *6 (D. Ore. Dec. 4, 2014) (citing *Smith v. City of Akron*, 476 Fed. Appx. 67 (6th Cir. April 6, 2012); *see also Wayne*, 197 F.3d at 1103 (11th Cir. 1999) ("Because [plaintiff's] lack of knowledge [regarding the originally named defendants' identities] was not an error, a misnomer, or a misidentification, his amendment does not come within Rule 15(c)(1)(C)]."). As such, "[m]ost courts have held that substituting a John Doe Defendant with a named Defendant is not correcting a 'mistake' and therefore does not relate back to the original complaint." *Hagen*, 2004 WL 6893708, at *5 (citing cases).

This case is not one in which plaintiffs failure to include the individually named police officers in their original complaint was due to a misnomer or misidentification. Rather, similar to the factual situation faced by one district court:

> Here, the individual officers were not misnamed. They were not named at all, and they cannot be named after the limitation period has expired. Plaintiff knew from the day she was detained by the police that individual officers had

ORDER - 8

> taken the action she complains of, but made no attempt to identify them in the complaint or to otherwise signal her intent to seek redress from them. . . . The court will not permit relation back of the proposed amendment because plaintiff seeks to add new defendants, the existence of whom she had known about since the day she was arrested . . . .

*Pembroke v. City of San Rafael*, 1994 WL 443683, at *3 (N.D. Cal. Aug. 2, 1994) (internal citations omitted). Likewise, plaintiffs have known since the date Mr. Bondurant was arrested that individual police officers had taken the actions they now complain of, but they did not until July – or at the very earliest April – of this year seek leave to amend. FRCP 15(c)(1)(C) does not allow them to do so now that the statute of limitations has run.

Plaintiffs, furthermore, have failed to satisfy the requirement of FRCP 15(c)(1)(C)(i) that the individually named police officers received notice of the action within the time provided for serving the summons and complaint by FRCP 4(m). *See Wilson*, 23 F.3d at 562-63. Plaintiffs cause of action was filed with this Court on October 7, 2015, after having been removed from state court.[2] But because plaintiffs did not seek to add the individually named police officers until at least April 27, 2016, none of those officers received the requisite notice within the time period provided by FRCP 4(m).[3] Nor is there any showing that any of the named police officers "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." FRCP 15(c)(1)(C)(ii).

## CONCLUSION

Because the statute of limitations has run with respect to plaintiffs' cause of action, and the amendments they seek to make to their original complaint do not satisfy the requirements for

---

[2] The complaint itself was filed in state court on September 22, 2015. Dkt. 1-1.

[3] Prior to December 15, 2015, FRCP 4(m) required that the summons and complaint be served within 120 days of the filing of the complaint. As of December 15, 2015, the time period for serving the summons and complaint was reduced to 90 days. Regardless of which time period applies, in either case plaintiffs did not seek to add any of the individually named police officer until well after the period required by FRCP 4(m).

ORDER - 9

relation back under FRCP 15(c), amendment of the complaint would be futile, and therefore they should not have been granted leave to amend it.

Accordingly, defendants' motion for reconsideration (Dkt. 65) is GRANTED. The order granting plaintiffs' motion to amend their complaint (Dkt. 63) is REVERSED. Plaintiffs' motion to extend discovery (Dkt. 37) and motion to compel (Dkt. 50), as well as defendants' motion for summary judgment (Dkt. 40), therefore, are RE-NOTED for consideration on **September 30, 2016**.[4] As noted above, pending the Court's final rulings on those motions, a new scheduling order in this case will be issued. In light of this Order reversing the grant of leave to amend their original complaint, the motion to serve Officer Cunningham by publication they recently filed (Dkt. 78) is DENIED as well as being moot.

DATED this 23rd day of September, 2016.

_Karen L. Strombom_
Karen L. Strombom
United States Magistrate Judge

---

[4] Because briefing on these motions already has been completed, the Court does not require any additional briefing in regard thereto at this time.

ORDER - 10